IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN S. HOOD,                                  )
                                                )
            Plaintiff,                          )
                                                )
v.                                              )   Case No.: 11-CV-2205 CM/DJW
                                                )
GARMIN INTERNATIONAL, INC.,                     )
                                                )   Removed from the District Court
            Defendant.                          )   of Johnson County, Kansas
                                                )   Case No. 11-CV02249

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Garmin International, Inc. appears

for the purpose of removing to the United States District Court for the District of Kansas the

action styled *Kevin S. Hood v. Garmin International, Inc.*, currently pending in the District Court

of Johnson County, Kansas. As grounds for removal, Defendant states as follows:

1.    Plaintiff sued Defendant in the District Court of Johnson County, Kansas on

March 15, 2011, by filing his Petition for Damages in the action styled *Kevin S. Hood v. Garmin*

*International, Inc.* Defendant was served on March 22, 2011. A complete copy of the Court file

obtained from the District Court of Johnson County, Kansas is attached hereto as Exhibit A.

2.    In the above-captioned action pending in the District Court of Johnson County,

Kansas, Plaintiff asserts: (1) disability discrimination under the Americans with Disabilities Act,

42 U.S.C. 12117 *et seq*. ("ADA") (Count I); (2) retaliation under the ADA (Count II); (3) breach

of implied contract (Count III); and (4) retaliatory discharge in violation of Kansas public policy

(Count IV). (*See* Plaintiff's Petition for Damages, attached hereto as Exhibit A).

3.    Under 28 U.S.C. §§ 1441 and 1446, this case may properly be removed to this

Court at any time within thirty (30) days of Defendant being served with Plaintiff's Petition and

Summons. Defendant is timely filing this removal within thirty (30) days of service.

**Federal Question and Supplemental Jurisdiction**

4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 by reason of Plaintiff having asserted causes of action arising under federal law, *i.e.* the ADA.

5.    This Court also has supplemental jurisdiction over the state law claims alleged by Plaintiff pursuant to 28 U.S.C. § 1367 because the state law claims (Counts III and IV) are so related to the federal law claims (Counts I and II) that they form part of the same case or controversy. All of the claims alleged by Plaintiff relate at least in part to the alleged termination of his employment by Defendant. Furthermore, supplemental jurisdiction over the Plaintiff's state law claims is proper under 28 U.S.C. § 1367 because the state law claims do not raise novel or complex issues of state law or predominate over the federal law claims and there are no other compelling reasons at this time to decline jurisdiction.

6.    In summary, the Court has jurisdiction over this action because the Plaintiff has plead two counts under the ADA (a federal statute) and two counts under state law over which the Court has supplemental jurisdiction. Removal is therefore proper pursuant to 28 U.S.C. §§ 1331 and 1367.

7.    Promptly upon filing this Notice of Removal, Defendant shall give written notice to Plaintiff and shall file a copy of this Notice of Removal with the Clerk of the District Court of Johnson County, Kansas.

WHEREFORE, Defendant Garmin International, Inc. prays that this Court assume control over this action as this action is properly removed on the grounds of federal question and supplemental jurisdiction.

2

**DESIGNATION OF TRIAL**

Defendant Garmin International, Inc. designates Kansas City, Kansas as the place of trial.

Respectfully submitted,

/s/ Kerri S. Reisdorff
Kerri S. Reisdorff            No. 19709
Justin Dean                   No. 19636
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Park Central Plaza
4717 Grand Avenue, Suite 300
Kansas City, Missouri 64112
816.471.1301
816.471.1303 *(Facsimile)*
*kerri.reisdorff@ogletreedeakins.com*
*justin.dean@ogletreedeakins.com*

**ATTORNEYS FOR DEFENDANT GARMIN
INTERNATIONAL, INC.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 11th day of April, 2011, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and a copy was sent via electronic mail and via U.S. Mail to the following:

Albert F. Kuhl
15700 College Blvd, Suite 200
Lenexa, KS  66219
913.438.2760 Tel.
913.327.8492 Fax

ATTORNEY FOR PLAINTIFF

/s/ Kerri S. Reisdorff
**ATTORNEY FOR DEFENDANT
GARMIN INTERNATIONAL, INC.**

3

10096656.1 (OGLETREE)

# EXHIBIT A

Box 199

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

KEVIN S. HOOD,

        Plaintiff,

vs.

GARMIN INTERNATIONAL, INC.,

        Defendant.

Case No.   '11 C V 0 2 2 4 9
Court No.   4
K.S.A. Chapter 60

## PETITION FOR DAMAGES

Plaintiff Kevin S. Hood ("Hood"), for his Petition against defendant Garmin International,

Inc. ("Garmin."),states and alleges as follows:

1.    Plaintiff Hood is an individual and resident of Tonganoxie, Kansas.

2.    Defendant Garmin is a Kansas corporation with its principal place of business in Johnson

    County, Kansas, and may be served with process upon its Registered Agent in the state of

    Kansas, Andrew R. Etkind, 1200 East 151st Street, Olathe, Kansas 66062.

3.    Jurisdiction and venue are properly placed inasmuch as all transactions relevant to this action

    arose in Johnson County, Kansas.

4.    This court possesses subject matter jurisdiction inasmuch as plaintiff has been provided a

    Right to Sue Notice from the Equal Employment Opportunity Commission bearing a date

    of December 14, 2010.



CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2011 MAR 15 PM 3: 31

SCAN DATE 2011/03/16 14:35

## FACTUAL BACKGROUND

5.    Plaintiff was employed by defendant and continued to perform service to defendant until his involuntary cessation from employment on or about December 8, 2009.

6.    During the course of his employment with defendant, plaintiff suffered from one or more disabling conditions, which impaired him substantially, including a left forearm injury, and a stomach condition, both of which substantially impaired one or more of his major life activities.

7.    Plaintiff notified defendant of his aforesaid conditions, and impairments.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. 12117

8.    Plaintiff incorporates all of the foregoing allegations, and further states as follows.

9.    Plaintiff is an individual with one or more disabling conditions, including a left forearm injury, and a stomach condition, both requiring medical leave and ongoing stress issues.

10.   Plaintiff's disabling conditions impaired substantially one or more of his major life activities.

11.   Plaintiff advised defendant, his employer, fully as to the status of his disabling condition and his need for treatment re same.

12.   Plaintiff further sought reasonable accommodation for his protected disabling condition, including the need for reasonable leave to receive proper treatment for his condition.

13.   Defendant unlawfully denied plaintiff the reasonable accommodation he sought, and further discriminated against him by terminating his employment.

14.   As a direct and proximate result of plaintiff's unlawful treatment by defendant, as referenced above, plaintiff has incurred actual and compensatory damages in a total amount exceeding

2

SCAN DATE 2011/03/16  14:35

$75,000.00.

15. As a direct and proximate result of plaintiff's malicious and reckless treatment by defendant, as referenced above, he further possesses a right to punitive damages in an amount exceeding $75,000.00.

16. Plaintiff further requests that he be awarded his attorneys fees and expenses, and statutory interest.

WHEREFORE, plaintiff Hood respectfully requests that the Court enter judgment in his favor and against defendant Garmin for his actual and compensatory damages in an amount which exceeds $75,000.00, together with punitive damages in an amount exceeding $75,000.00, together with his attorney's fees and expenses, and statutory interest, together with such other relief as the Court deems proper.

## COUNT II: UNLAWFUL RETALIATION IN VIOLATION OF 42 U.S.C. 12101 et seq.

17. Plaintiff incorporates all of the foregoing allegations, and further states as follows.

18. Plaintiff is an individual with one or more disabling conditions, including a left forearm injury, and a stomach condition, both requiring medical leave and ongoing stress issues.

19. Plaintiff's disabling conditions impaired substantially one or more of his major life activities.

20. Plaintiff advised defendant, his employer, fully as to the status of his disabling condition and his need for treatment re same.

21. Plaintiff further sought reasonable accommodation for his protected disabling condition, including the need for reasonable leave to receive proper treatment for his condition.

22. Defendant unlawfully denied plaintiff the reasonable accommodation he sought, and further

3

SCAN DATE 2011/03/16 14:35

discriminated against him by terminating his employment, in retaliation for his request for recognition of his lawful rights to reasonable accommodation.

23. As a direct and proximate result of plaintiff's unlawful treatment by defendant, as referenced above, plaintiff has incurred actual and compensatory damages in a total amount exceeding $75,000.00.

24. As a direct and proximate result of plaintiff's malicious and reckless treatment by defendant, as referenced above, he further possesses a right to punitive damages in an amount exceeding $75,000.00.

25. Plaintiff further requests that he be awarded his attorneys fees and expenses, and statutory interest.

WHEREFORE, plaintiff Hood respectfully requests that the Court enter judgment in his favor and against defendant for his actual and compensatory damages in an amount which exceeds $75,000.00, together with punitive damages in an amount exceeding $75,000.00, together with his attorney's fees and expenses, and statutory interest, together with such other relief as the Court deems proper.


## COUNT III: BREACH OF IMPLIED CONTRACT

26. Plaintiff incorporates each of the foregoing allegations, and further states as follows.

27. During the course of his employment relationship with defendant, plaintiff was subject to various personnel policies and/or procedures, conduct, business usage, and other matters which were promulgated by defendant to its workforce, inclusive of plaintiff, which matters constituted an implied contract of employment under Kansas law between defendant and plaintiff.

4

SCAN DATE 2011/03/16  14:35

28. Among the policies maintained and published by defendant, and agreed upon by plaintiff, was a stated emphasis on, and purported commitment to, the rights of employees to receive benefits under Kansas law for work-related injury and/or other medical conditions without retaliatory treatment.

29. Despite the existence of the aforementioned policies, among others of relevance, plaintiff was denied the rights otherwise promised him by defendant in and as a result of such policies.

30. Defendant in fact violated its policies as defined to plaintiff and its workforce.

31. As a direct and proximate result of the foregoing actions, defendant breached its implied contractual obligations owed to plaintiff, including but not limited to its duty not to discharge plaintiff except for just cause and without retaliation arising from plaintiff's pursuit of lawful remedies attendant to his work-related injuries and/or other medical conditions.

32. As a result of defendant's breach of its implied contractual obligations owed to plaintiff, plaintiff has suffered actual and consequential damages in an amount exceeding $75,000.00, for which defendant is liable to him, together with such other damages, including prejudgement interest, as the Court may deem proper.

Wherefore, plaintiff prays for the Court's order against defendant Garmin granting him judgment for his actual and consequential damages in an amount exceeding $75,000.00, for prejudgment interest, together with such other relief as the Court deems proper.

SCAN DATE 2011/03/16 14:35

## COUNT IV: RETALIATORY DISCHARGE IN VIOLATION
## OF KANSAS PUBLIC POLICY

33.     Plaintiff incorporates each of the foregoing allegations, and further states as follows.

34.     At all times relevant hereto, defendant was fully aware of the existence of plaintiff's work-related injuries, and his resultant claims for workers compensation benefits.

35.     As a Kansas worker injured on the job pursuing remedies granted him by Kansas workers compensation law, plaintiff was protected by Kansas public policy from actions taken against him by his employer in retaliation for his work-related injuries and claims for benefits under Kansas law arising therefrom.

36.     As a direct and proximate result of his work-related injuries and/or his claim for benefits arising therefrom, plaintiff was subjected to retaliatory treatment by defendant, culminating in his unlawfully retaliatory discharge from employment by defendant.

37.     The actions of defendant as set forth in the preceding paragraph were unlawful violations of plaintiff's rights under Kansas law and public policy.

38.     As a direct and proximate result of defendant's unlawfully retaliatory actions taken against him, as aforesaid, plaintiff has suffered actual and compensatory damages in an overall amount exceeding $75,000.00.

39.     Plaintiff further is entitled to an award of prejudgement interest arising from defendant's unlawful actions.

Wherefore, plaintiff prays for the Court's order against defendant Garmin granting him judgment for his actual and compensatory damages in an amount exceeding $75,000.00, for prejudgment interest, together with such other relief as the Court deems proper.

6

SCAN DATE 2011/03/16 14:35

## DEMAND FOR JURY TRIAL

Plaintiff Kevin S. Hood hereby demands a trial by jury as to all issues so triable.

Respectfully Submitted,

LAW OFFICES OF ALBERT F. KUHL

Albert  F. Kuhl          #12478
15700 College Blvd., Ste. 200
Lenexa, KS  66219
Tel. 913-438-2760
Fax: 913-327-8492
kuhllaw@hotmail.com
ATTORNEY FOR PLAINTIFF

7

SCAN DATE  2011/03/16  14:35

*Box 199*

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL DIVISION

KEVIN S. HOOD,
        Plaintiff,

vs.

GARMIN INTERNATIONAL, INC.,
        Defendant.

'11 C V 0 2 2 4 9
Case No. _____
Court No. _____ 4 _____
K.S.A. Chapter 60

## REQUEST AND SERVICE INSTRUCTION FORM

To:    Clerk of the District Court

        The Clerk of the Court will issue a <u>SUMMONS and PETITION.</u>   You are hereby instructed to effect service as follows:

                Garmin International, Inc.
                Andrew R. Etkind (Registered Agent)
                1200 East 151st Street
                Olathe, Kansas 66062

a.      ___X___      Service through the office of the Sheriff of **Johnson** County, State of **Kansas**, other than by certified mail.

b.      _____      Service by a Process Server authorized or appointed by the provisions of K.S.A. 1989 Supp. 60-303. **Return Service Packet to Attorney.**

c.      _____      Certified mail service by the undersigned attorney, who understands that the responsibility for service and effecting its return shall be on the attorney. The receipt for service (green card) must be filed with the Clerk's office before service can be perfected. **Return Service Packet to Attorney.**

d.      _____      Certified mail service by the office of the Sheriff of _____ County, State of _____. The undersigned understands that the responsibility for obtaining service and effecting its return shall be on the Sheriff.

SCAN DATE 2011/03/16  14:36

CLERK OF DISTRICT COURT
JOHNSON COUNTY, KS

2011 MAR 15 PM 3: 31

SUBMITTED BY:

LAW OFFICES OF ALBERT F. KUHL

Albert F. Kuhl   #12478
15700 College Blvd., Ste. 200
Lenexa, Kansas  66219
Tel.: 913.438.2760
Fax: 913.327.8492
kuhllaw@hotmail.com
ATTORNEY FOR PLAINTIFF

SCAN DATE 2011/03/16 14:36

JOHNSON COUNTY KANSAS SHERIFF'S RETURN OF CIVIL PROCESS

CASE NO. 11CV02249
CHAPTER  60

KEVIN S HOOD

(PLAINTIFF)

GARMIN INTERNATIONAL INC
1200 EAST 151ST ST
OLATHE, KS 66062

(PARTY OF RECORD)


SHERIFF'S RETURN OF SERVICE

I have served the following, SUMMONS AND PETITION by delivering a copy of
each to GARMIN INTERNATIONAL INC, personally, at 1200 EAST 151ST ST, on
MARCH 18 2011, at 1100 hours.


All done in Johnson County, Kansas

I hereby certify under penalty of perjury that the foregoing is true and
correct.


Executed:  March 22, 2011


Attorney for Plaintiff
ALBERT F KUHL

                        Frank Denning-Sheriff
                        Johnson County, Kansas


                        By /s/ BARTKOSKI, TONY, 016

                        Electronically Signed

Additional Notes:
SERVED KIM BEATTY, AUTHORIZED AGENT.



*Clerk of the District Court*
*Johnson County Kansas*
*3/22/2011 07:38:43 SM*